UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:13-CV-169

| | |
|---|---|
| KOREE TEAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| CB RICHARD ELLIS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Defendant CB Richard Ellis, Inc.'s ("CBRE") Motion to Strike Portions of Plaintiff's Amended Complaint (Doc. No. 10) pursuant to Fed. R. Civ. P. 12(f) and Defendant's Motion to Strike Plaintiff's Second Amended Complaint (Doc. No. 21) pursuant to Fed. R. Civ. P. 15(a)(2). The Court has reviewed all of Plaintiff's and Defendant's arguments. For the reasons stated below, Defendant's Motion to Strike Plaintiff's Second Amended Complaint (Doc. No. 21) is GRANTED, and Defendant's Motion to Strike Portions of Plaintiff's Amended Complaint (Doc. No. 10) is DENIED.

## I. BACKGROUND

Plaintiff, who appears *pro se*, filed her original Complaint (Doc. No. 1) on March 15, 2013. In that Complaint, Plaintiff listed as defendants "CBRE," "Bob Terenzi," "Tina Clawson," "Jayan Drake," "Seth Puckett," and "Diane Perry." Plaintiff alleged four causes of action: retaliation by CBRE under Title VII; religious discrimination by CBRE under Title VII; negligence by Terenzi; and intentional infliction of emotional distress ("IIED") by all defendants. On March 28, 2013, Plaintiff filed an Amended Complaint (Doc. No. 5) that only

1

listed Title VII claims for retaliation and religious discrimination against CBRE. However, Plaintiff attached a supporting document to the Amended Complaint that listed CBRE and the individuals as defendants in the caption and alleged all four causes of action that were included in the original Complaint (Doc. No. 5-1). The supporting document also lists CBRE and all individuals under the "PARTIES" heading. It appears from the docket that the Amended Complaint was served upon CBRE only. (Doc. No. 8.)

On May 20, 2013, Defendant CBRE filed a Motion to Strike Portions of Plaintiff's Amended Complaint (Doc. No. 10) that "seeks to strike all claims other than those under Title VII, and portions of the pleading that refer to . . . individuals as party defendants." (Doc. No. 22, 2.) On June 18, 2013, Plaintiff filed her Response to Defendant's Motion (Doc. No. 17) in which she claimed that this Court's clerk's office informed her "that Plaintiff only needed to put the company not everyone involved in the complaint." (Doc. No. 17.) She also stated that she "is filing charges against the Defendant CB Richard Ellis under violations of Title VII" and that she "specified that the Negligence and [IIED] damages be considered under the torts of North Carolina." (Doc. No. 17.).

On the same day as her Response to Defendant's Motion to Strike, Plaintiff also filed a Second Amended Complaint (Doc. No. 18). Plaintiff did not seek leave of court before filing this document. The Second Amended Complaint is the same document that Plaintiff attached as a supporting document to her First Amended Complaint, except in the Second Amended Complaint, she listed only CBRE as a defendant for all four causes of action. (Doc. No. 18). Plaintiff's Second Amended Complaint still lists CBRE and all individuals under the "PARTIES" heading in the document. (Doc. No. 18, 3.)

## II. ANALYSIS

### A. Motion to Strike Second Amended Complaint

Rule 15(a)(1) allows a party to "amend its pleading once as a matter of course." Rule 15(a)(2) states that "[i]n all other cases, a party may amend its pleading only with opposing party's written consent or the court's leave." Plaintiff filed her first Amended Complaint on March 28, 2013. Because Plaintiff filed her Second Amended Complaint on June 18, 2013, without Defendant's consent or the court's leave, this Court grants Defendant's Motion to Strike Plaintiff's Second Amended Complaint.

### B. Motion to Strike Portions of First Amended Complaint

In its Memorandum in Support of Defendant's Motion to Strike, CBRE requests "that this Court dismiss, or alternatively, strike" portions of Plaintiff's Amended Complaint that refer to the individually named defendants and to claims other than the Title VII claims asserted against CBRE. (Doc. No. 11.) CBRE argues that Plaintiff eliminated the individual defendants and the claims of negligence and intentional infliction of emotional distress because "[t]he individuals identified as defendants in the original Complaint were not so identified in the Amended Complaint" and because the two claims "are not contained in Plaintiff's Amended Complaint." (Doc. No. 11, 1-2.) The Court denies Defendant's motion because Plaintiff makes it clear in the supporting document attached to her Amended Complaint that she is alleging claims against CBRE and the individuals and that she is alleging four causes of action.

Notably, Defendant cites no authority besides the actual Rule to support its arguments in support of its motion to strike. Rule 12(f) states, in pertinent part, that the court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." "[M]otions to

strike are 'generally viewed with disfavor because striking a portion of a pleading is a drastic remedy.'" Moody-Williams v. Lipoalscience, 2013 WL 1246752, at *1 (E.D.N.C. March 26, 2013) (quoting Waste Management Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (internal quotation marks omitted). "Furthermore, when considering a motion to strike against a *pro se* litigant, the court does not hold her to 'the same stringent standards as attorneys.'" Id. (quoting Sawyer v. Potash Corp. of Saskatchewan, 417 F. Supp. 2d 730, 738 (E.D.N.C 2006)).

Although the Amended Complaint (Doc. No. 5) does not list the individuals' names in the caption and does not allege causes of action for negligence or IIED, the attached supporting document (Doc. No. 5-1) does. The Court, therefore, construes the Amended Complaint (Doc. No. 5) and the attached supporting document (Doc. No. 5-1) as one document. See Yongo v. U.S. Army, 2012 WL 777181, at *2 (E.D.N.C March 8 2012) ("[I]n a pro se case when the plaintiff names the wrong defendant in the caption or when the identity of the defendants is unclear from the caption, courts may look to the body of the complaint to determine who the intended and proper defendants are.") (quoting Trackwell v. United States Gov't, 472 F.3d 1242, 1243-44 (10th Cir. 2007)). The attached document lists the following defendants in the caption: CB Richard Ellis; Tina Clawson; Jayan Drake; Diane Perry; Seth Puckett and Bob Terenzi. Under the "PARTIES" heading, Plaintiff lists CBRE and each of the individuals, and under the "CAUSES OF ACTION" heading, Plaintiff alleges four causes of action. A reading of the Amended Complaint and attached document leads the Court to conclude that Plaintiff intended to include CBRE and the individuals as defendants in this action alleging: retaliation and religious discrimination against CBRE, negligence against Terenzi, and IIED against all defendants.

Therefore, to the extent Defendant requests that it is court dismiss or strike individually-named defendants or tort claims, Defendants motion is denied.

**C. Service of Process**

The Court considers *sua sponte* Plaintiffs failure to serve the individual defendants within the required time frame. Under Rule 4(m) of the Federal Rules of Civil Procedure, service must occur within one hundred and twenty (120) days after a complaint is filed. Plaintiff filed her Amended Complaint on March 2, 2015. More than 120 days have elapsed since then, and Plaintiff has provided no evidence that she served any defendant other than CBRE. Absent a showing of good cause, failure to serve a defendant within its time frame permits the Court to dismiss the action without prejudice against that defendant.... Fed.R.Civ.P.4(m).

Accordingly, **Plaintiff is hereby ordered to show cause within fourteen days why service was not completed within the required time frame.** If Defendants have been served, Plaintiff is ordered to provide an affidavit of service within fourteen days to the Court. **Failure to respond may result in dismissal of the Complaint against those Defendants.**

### III. CONCLUSION

For the reasons stated above, Defendants Motion to Strike Plaintiffs Second Amended Complaint (Doc.No.12) is GRANTED, and Defendants Motion to Strike Portions of Plaintiffs Amended Complaint (Doc.No.10) is DENIED. The clerks office is respectfully directed to reinstate Terenzi, Claw son, Drake, Pucullu, and Perry as defendants in this action. Additionally, **Plaintiff is ORDERED to show cause within fourteen days, or by Wed nesday, October 2, 2013, why service was not completed within 120 days of filing her Complaint, in the alternative, to provide an affidavit of service within fourteen days to the Court. Failure to

5

**respond may result in dismissal of the Complaint against those Defendants.**

IT IS SO ORDERED.

Signed: September 18, 2013

Frank D. Whitney
Chief United States District Judge