# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:13-CV-169-FDW-DCK

| | |
|---|---|
| KOREE TEAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| CB RICHARD ELLIS, INC., BOB TERENZI, | ) |
| TINA CLAWSON, JAYAN DRAKE, | ) |
| SETH PUCKETT, and DIANE PERRY, | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Notice Of Motion And Motion To Quash Subpoena" (Document No. 27) filed September 19, 2013. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is ripe for disposition. Having carefully considered the motion, the record, and applicable authority, the undersigned will deny the motion.

Plaintiff's pending motion seeks to quash a subpoena served on Integra Staffing by Defendant CB Richard Ellis, Inc. demanding production of certain employment records relating to Plaintiff Koree Teal. (Document No. 27-1, pp.6-12). It appears that Integra Staffing was served with the subpoena, and Plaintiff copied, on or about September 6, 2013. Id. The subpoena commanded production on September 20, 2013 at 2:00 pm. Id. Notably, Plaintiff did not file her "Notice Of Motion And Motion To Quash Subpoena" (Document No. 27) until September 19, 2013.

"Defendant's Response To Plaintiff's Motion To Quash" (Document No. 30) was filed on October 7, 2013. Defendant persuasively asserts that the documents sought by the subpoena

were "directly relevant to Plaintiff's lawsuit" and "appropriately tailored to the issues raised in Plaintiff's complaint." (Document No. 30, p.3). Moreover, Defendant notes that Plaintiff failed to serve her motion to quash on Integra Staffing, and subsequently Integra Staffing produced documents in response to the request. Id. As such, Defendant contends that Plaintiff's motion is now moot. Plaintiff's reply brief was due on or before October 18, 2013, but no reply in support of her motion to quash has been filed to date.

Based on the sound reasoning and cited legal authority in "Defendant's Response…", as well as Plaintiff's failure to file a reply brief, the undersigned agrees that Plaintiff's "Notice Of Motion And Motion To Quash Subpoena" (Document No. 27) is moot. As noted by Defendant, the "rules of discovery are to be accorded broad and liberal construction" and relevant information that is discoverable may not necessarily be admissible at trial. (Document No. 30, p.2) (citing Fed.R.Civ.P. 26(b)(1); Herbert v. Lando, 441 U.S. 153, 177 (1979) and Hickman v. Taylor, 329 U.S. 495, 507 (1947)).

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Notice Of Motion And Motion To Quash Subpoena" (Document No. 27) is **DENIED AS MOOT**.

Signed: November 4, 2013

David C. Keesler
United States Magistrate Judge