UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00169-FDW-DCK

| | |
|---|---|
| KOREE TEAL, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CB RICHARD ELLIS, )<br>)<br>Defendant. )<br>) | ORDER |

THIS MATTER is before the Court on Defendant's Motion for Summary Judgment (Doc. No. 31). Plaintiff, who appears *pro se* in this matter, requested additional time to respond to the motion (Doc. No. 33), which the Court granted (Doc. No. 35). That order granting an extension also provided a notice in accordance with <u>Roseboro v. Garrison</u>, 582 F.2d 309 (4th Cir. 1975), as to the burden she carries in responding to the instant motion. Plaintiff subsequently submitted a response to the motion (Doc. No. 37), which included documents to support her opposition to the instant motion. Defendant replied (Doc. No. 38), and this matter is now ripe for disposition. For the reasons that follow, Defendant's Motion is GRANTED IN PART and DENIED IN PART.

Plaintiff's Amended Complaint, based upon two separate but related filings before the Equal Employment Opportunity Commission, sets forth four claims against Defendant: (1) discriminatorily hostile or abusive work environment because of her religion in violation of Title VII of the Civil Rights Act of 1964; (2) retaliation under Title VII; (3) negligence; and (4) intentional infliction of emotional distress.

1

The Court has reviewed the pleadings, evidence submitted by the parties, and applicable law relative to Plaintiff's Title VII claims for hostile work environment and retaliation. Notably, Plaintiff's filings are rife with inadmissible hearsay, and accordingly, the Court has excluded those documents from consideration. Nevertheless, the Court finds that sufficient—albeit minimal—evidence exists in the record to show a genuine dispute as to these two Title VII claims. Accordingly, the Court will DENY summary judgment on Plaintiff's claims for hostile work environment and retaliation.

As to Plaintiff's remaining claims for negligence and intentional infliction of emotional distress, the Court finds that Defendant is entitled to summary judgment on these claims for the reasons stated in Defendant's filings (Docs. Nos. 32, 38). Put simply, Plaintiff's claim for negligence, which relies wholly on her Title VII claims, fails because "Title VII discrimination, harassment, and/or retaliation cannot serve as the 'underlying tort' in support of a claim for negligent retention and supervision." Bond v. Rexel, Inc., 5:09-CV-122, 2011 WL 1578502 (W.D.N.C. Apr. 26, 2011) (citing McLean v. Patten Communities, Inc., 332 F.3d 714, 719 (4th Cir.2003) (holding that neither retaliation nor harassment are "common law torts," and therefore cannot constitute prima facie element of tortious acts" for purposes of a negligent supervision claim)).

In addition, Plaintiff's claim for intentional infliction of emotional distress (as well as negligent infliction of emotional distress, to the extent Plaintiff attempts to assert such a claim) fails because Plaintiff has not presented or forecast any evidence to show she suffered severe emotional distress. It is well-settled that:

> [A] plaintiff must establish that he or she suffered severe emotional distress. See Waddle v. Sparks, 331 N.C. 73, 83, 414 S.E.2d 22, 27 (1992). Severe emotional

2

distress means "'any . . . type of severe and disabling emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so.'" Id. (quoting Johnson, 327 N.C. at 304, 395 S.E.2d at 97). In contrast, a plaintiff who suffers from temporary anxiety or mere fright not amounting to severe emotional distress will not recover under a claim for intentional or negligent infliction of emotional distress. Johnson, 327 N.C. at 303–04, 395 S.E.2d at 97.

Mullis v. Mechanics & Farmers Bank, 994 F. Supp. 680, 689 (M.D.N.C. 1997). Even if the Court were to consider Plaintiff's only proffered piece of evidence to support her claim for emotional distress (which is inadmissible because it is unauthenticated), it appears as though Plaintiff sought treatment for anxiety from "ExpressMed Concord Mills" on August 2, 2011, near the time of the filing of her first EEOC charge. (Doc. No. 37-2, p. 19). Notably, the same document demonstrates that "Her anxiety disorder was originally diagnosed 1 year ago," which is approximately six months prior to Plaintiff beginning her employment with Integra and Defendant on February 2, 2011, and long before the alleged discriminatory acts allegedly took place. Id. Accordingly, Defendant is entitled to summary judgment on Plaintiff's claim for intentional infliction of emotional distress (and negligent infliction of emotional distress, to the extent Plaintiff asserts such a claim).

This matter is currently set for trial on the Court's January 6, 2014, docket. The Court hereby ORDERS the trial in this matter be continued until the **May 5, 2013, mixed trial term**. A pretrial conference shall take place during the Court's motions term of **April 7-18, 2014**, at a date and time to be later set by the Court. The joint pretrial submission prepared in accordance with this Court's standing orders and the Case Management Plain in place (Doc. No. 19) shall be filed by **April 2, 2014**.

Furthermore, the Court recently established a Pro Se Settlement Assistance Program for the Western District of North Carolina to provide civil pro se litigants with limited advice and representation at mediated settlement conferences. More information regarding the program can be found on the Court's website http://www.ncwd.uscourts.gov/pro-se-settlement-assistance-program.

This program was instituted after the filing of this case, and the Court finds that the parties in this case should be given the opportunity to participate in the program. Accordingly, the Clerk of Court shall send the *pro se* Plaintiff a Notice of Availability of the Settlement Assistance Program; and Plaintiff shall return the completed Notice form to the Clerk of Court in Charlotte within fourteen (14) days of this Order.

IT IS THEREFORE ORDERED that:

(1) Defendant's Motion for Summary Judgment (Doc. No. 31) is GRANTED IN PART and DENIED IN PART as stated herein;

(2) The Clerk of Court shall send the pro se Plaintiff a Notice of Availability of the Settlement Assistance Program;

(3) Plaintiff shall return the completed Notice form to the Clerk of Court in Charlotte within fourteen (14) days; and

(4) This matter is continued from the Court's January 6, 2013, docket and shall be calendared for trial during the mixed term beginning May 5, 2013.

IT IS SO ORDERED.

Signed: December 16, 2013

Frank D. Whitney
Chief United States District Judge